UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09687-RGK-AFM | Date | February 19, 2021 |
|---|---|---|---|
| Title | *Paul Dobson v. U.S. Bank Trust, N.A. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 [DE 26]

## I.  INTRODUCTION

On September 4, 2020, Paul Dobson ("Plaintiff") filed a Complaint in state court alleging a claim for negligence and a claim for "intentional tort" against U.S. Bank Trust, N.A. ("Defendant"). Plaintiff's claims arise from Defendant's allegedly wrongful foreclosure of an apartment building in which Plaintiff is a tenant. On October 10, 2020, Defendant removed this action to federal court. (*See* Notice of Removal, ECF No. 1).

On December 4, 2020, the Court issued an Order granting Defendant's Motion to Dismiss Plaintiff's Complaint. ("Order of Dismissal") (ECF No. 20). The case was closed on the same day. Presently before the Court is Defendant's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 ("Motion") (ECF No. 26). For the reasons that follow, the Court **GRANTS in part** Defendant's Motion.

## II.  FACTUAL BACKGROUND

In its Motion, Defendant alleges the following facts:

Myron Hale ("Hale"), who is not a party to this action, was the former owner of the foreclosed property located at 6035 3rd Avenue, Los Angeles, California 90043 (the "Property"). On or around September 26, 2007, Hale obtained a mortgage loan in the amount of $332,000, and on October 1, 2007, a Deed of Trust was recorded against the Property. Hale subsequently defaulted on the loan.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09687-RGK-AFM | Date | February 19, 2021 |
|---|---|---|---|
| Title | *Paul Dobson v. U.S. Bank Trust, N.A. et al* | | |

After defaulting on his loan, Hale filed six lawsuits in state and federal court challenging the foreclosure of the Property. He did not prevail in any of his cases and he was declared a vexatious litigant in the context of one of those lawsuits.

After Hale was declared vexatious, Sylvia Parker ("Parker"), a purported tenant of the Property, began filing serial lawsuits against Defendant challenging the foreclosure of the Property and stalling the unlawful detainer action initiated by Defendant. To date, Parker has filed eight cases against Defendant. Like Hale, Parker has not prevailed in any of her lawsuits against Defendant.

On September 4, 2020, Plaintiff filed his complaint in the present lawsuit wherein Plaintiff alleges that Defendant treated him tortiously in relation to the foreclosure of the Property. Like Parker, Plaintiff purports to be a tenant of the Property. Plaintiff's lawsuit is the latest in an apparent "campaign of harassment" led by Hale.

### III. JUDICIAL STANDARD

Sanctions under Rule 11 are intended to streamline litigation, deter baseless filings, and prevent abusive or dilatory tactics. *Golden Eagle Disrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1542 (9th Cir. 1986). The Court may impose sanctions when a pleading, motion, or other paper is "frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir. 1994). "When, as here, a 'complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the [filer] has conducted a reasonable and competent inquiry before signing and filing it.'" *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (*Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir.2002)). However, if a complaint states an arguable claim, sanctions are generally inappropriate. *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 201 (9th Cir. 1988).

The Court must construe pro se pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1037 & n.13 (9th Cir. 1985). Although Rule 11 applies to pro se litigants, the court must take into account the plaintiff's pro se status. *Warren*, 29 F.3d at 1390; *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir. 1990). The court has sufficient discretion to take account of the special circumstances that often arise in pro se situations. Fed. R. Civ. P. 11 advisory committee note, *reprinted in* 97 F.R.D. 165, 199 (1983); *Bus. Guides, Inc. v. Chromatic Commc'n Enters., Inc.*, 892 F.2d 802, 811 (9th Cir. 1989). Mention of the court's 'discretion' acknowledges that "what is objectively reasonable for a pro se litigant and for an attorney may not be same." *Bus. Guides, Inc.*, 892 F.2d at 810.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09687-RGK-AFM | Date | February 19, 2021 |
|---|---|---|---|
| Title | *Paul Dobson v. U.S. Bank Trust, N.A. et al* | | |

## IV.   DISCUSSION

Defendant asserts that Rule 11 sanctions are warranted against Plaintiff for filing the instant case because Plaintiff's Complaint was frivolous and harassing. For the reasons that follow, the Court agrees.

Defendant argues that Plaintiff's complaint is frivolous because it is legally baseless and was not filed after a reasonable inquiry. The asserted basis of Plaintiff's tort claims is that "[D]efendant threatened and used blackmail to try and force [P]laintiff and other tenants of the [P]roperty to vacate the premises in violation of CCP section 1140.2 and Penal Code section 518." (Compl. at 6, ECF No. 1-1).[1]

Defendant submits that by "CCP section 1140.2," Plaintiff meant to refer to California "Code of Civil Procedure section 1140.2." (Motion at 11). Defendant further points out that no such code section exists. (*Id.*). With respect to Penal Code section 518, Defendant notes that that section of the California Penal Code provides the definition of the crime of extortion but does not provide a private, civil right of action. (Motion at 11); *see Thomas v. Denny's Restaurant*, No. 15-cv-01113-DAD-SKO, 2015 WL 9583029, at *2, n.4 (E.D. Cal. Dec. 31, 2015) ("Section 518 provides the definition of criminal extortion. There is no private right of action under this section."). Because "CCP section 1140.2" does not exist and "Penal Code section 518" does not provide a private right of action, Defendant argues, Plaintiff's Complaint is legally baseless and could not have been filed after a reasonable inquiry.

On December 21, 2020, before Defendant filed its Motion, Plaintiff filed an Opposition to the Motion. (*See* Pl.'s Opp. to Def.'s Mot. for Sanctions, ECF No. 30). In his opposition, Plaintiff raises several baseless legal arguments. For example, Plaintiff asserts that "[D]efendnat has no standing." (*Id.* at 1). The argument that Defendant lacks standing is inapposite. *See Washington Environmental Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013) ("A *plaintiff* must demonstrate standing for each claim he or she seeks to press and for each form of relief sought.") (emphasis added). Absent from Plaintiff's Opposition, however, is any response to Defendant's arguments concerning the nonexistence of California Code of Civil Procedure section 1140.2 and the irrelevance of Penal Code section 518.

The California Code of Civil Procedure ("CCP") does not contain a section 1140.2. Furthermore, section 1140 of the CCP, titled "Judgement; enforcement; appeal," is irrelevant to the facts alleged in Plaintiff's Complaint. Accordingly, Plaintiff's allegation that Defendant "threatened and used blackmail to try and force [P]laintiff and other tenants of the [P]roperty to vacate the premises in violation of CCP

---

[1]   Citations to Docket Entry 1-1 refer to the CM/ECF pagination in the header of the document.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09687-RGK-AFM | Date | February 19, 2021 |
|---|---|---|---|
| Title | *Paul Dobson v. U.S. Bank Trust, N.A. et al* | | |

section 1140.2" is legally baseless and irrelevant.[2] Moreover, Plaintiff fails to explain his citation to "CCP section 1140.2" or otherwise address the merits of Defendant's arguments. Although the Court must construe *pro se* pleadings liberally, Plaintiff's citation to a nonexistent code section and subsequent failure to address the erroneous citation and the merits of Defendant's Motion for sanctions indicate that Plaintiff did not conduct a reasonable and competent inquiry into the law before signing and filing his Complaint. The Court therefore finds that Rule 11 sanctions are appropriate.

Defendant also argues that Plaintiff should be sanctioned because Plaintiff's complaint is harassing. In support of this argument, Defendant asserts that Plaintiff filed this suit in concert with the fourteen related suits filed by Hale and Parker. Defendant opines that, although "this is Plaintiff's first case against Defendant, it is not inconceivable (and entirely reasonable to assume) that Hale controls Plaintiff and is the main driver in this case." (Motion at 13). As the Court previously held in its Order denying Defendant's Motion to Declare Plaintiff a Vexatious Litigant (ECF No. 37), the Court declines to impose sanctions on the basis of such speculation.

### V.  CONCLUSION

In accordance with the foregoing, the Court **GRANTS** in part Defendant's Motion. Defendant requests that the Court impose a sanction requiring Plaintiff to pay Defendant an award of attorneys' fees and costs in the amount of $14,190.85. Considering the nature of this action and the nature of Plaintiff's conduct, the Court finds this amount unreasonably high. Instead, the Court imposes a sanction of $1,000.00 on Plaintiff and **ORDERS** Plaintiff to pay that sum of $1,000.00 to Defendant.

**IT IS SO ORDERED.**

_____ : _____

---

[2] Plaintiff's citation to Penal Code 518, on the other hand, is relevant. Section 518 of the California Penal Code provides the definition for the crime of extortion, which includes "the obtaining of property . . . from another, with his or her consent, . . . induced by a wrongful use of force or fear[.]" Cal. Penal Code § 518. Though section 518 does not provide a private right of action, *see Thomas*, 2015 WL 9583029, at *2, n.4, the definition of extortion is relevant to Plaintiff's allegation that "[D]efendant threatened and used blackmail to try and force [P]laintiff and other tenants of the [P]roperty to vacate the premises[.]"